# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| CAREY M. AINLEY, <br><br> Plaintiff, <br><br> v. <br><br> PHH MORTGAGE, <br><br> Defendant. | Case No.: SACV 17-01476-CJC(JCGx) <br><br> **ORDER *SUA SPONTE* REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

**I. INTRODUCTION**

On July 27, 2017, Plaintiff Carey M. Ainley filed this action related to her mortgage in Orange County Superior Court against Defendant PHH Mortgage ("PHH") and Does 1–10 inclusive. (Dkt. 1 ["Notice of Removal"], Ex. A ["Compl."].) Defendant

-1-

PHH removed the case to this Court on August 28, 2017, invoking diversity jurisdiction. (Notice of Removal.) Specifically, Defendant PHH alleged that Plaintiff is a citizen of California, PHH is a citizen of New Jersey, and the amount in controversy is $550,000 – the value of the loan Plaintiff obtained from Defendant. (*Id.* ¶¶ 4–5, 12.)

## II. BACKGROUND

Plaintiff obtained a loan in the amount of $550,000 from PHH Mortgage in April 2007. (Dkt. 9 [Defendant's Request for Judicial Notice, hereinafter "RJN"] Ex. 1.)[1] The loan was secured by a Deed of Trust on the real property located at 17802 La Entrada Drive, Yorba Linda, CA 92886. (*Id.*; Compl. at 2.) Upon default of the loan, Plaintiff entered into a loan modification agreement in April 2011. (RJN Ex. 2.) Plaintiff defaulted on the modified loan. (Compl. ¶ 26.)

Plaintiff applied for a loan modification review in 2016, and alleges that "Plaintiff and Defendant orally agreed to undergo through a loan modification in good faith." (*Id.* ¶ 15.) Plaintiff submitted the requested documents to Defendant but received no denial or acceptance from the review "within a reasonable time" and her loan modification remains pending with PHH. (*Id.* ¶¶ 19, 21–23, 32, 34–37.) Plaintiff alleges that PHH orally instructed her to continue to be in default on the mortgage. (*Id.* ¶¶ 20, 25–26.) Plaintiff also alleges that her single point of contact with PHH has changed numerous times, that PHH shut down online access to her account, and that PHH has made robo-calls to her about the default. (*Id.* ¶¶ 28–30.) Plaintiff makes a variety of other allegations about PHH's conduct during the loan modification review process. (*See generally Id.*) Plaintiff was then told that PHH put her loan in foreclosure. (*Id.* ¶ 31.)

---

[1] Defendant's request for judicial notice, (Dkt. 9), is GRANTED. The documents are matters of public record that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201

Plaintiff asserts four causes of action against PHH: (1) violation of California Business and Professions Code § 17200 and the California Homeowner Bill of Rights, (*id*. at ¶¶ 46–78), (2) violation of the covenant of good faith and fair dealing under oral agreement, (*id*. ¶¶ 79–101), (3) negligence, (*id*. ¶¶ 102–34), and (4) actual fraud and/or misrepresentation, (*id*. ¶¶ 135–48). Plaintiff seeks damages in the amount of $55,000 which includes "but [is] not limited to, damages to her credit history, her ability to borrow money, emotional distress, legal fees, court filing fees, and litigation related cost and expenses." (*Id*. ¶¶ 3, 64, 101, 140.) Defendant alleges that Plaintiff seeks to enjoin any future foreclosure sale based on paragraph 4 of the Complaint: "Even though the non-judicial foreclosure is currently not pending, Plaintiff needs the Court ruling that such a foreclosure will not occur, because there is a high likelihood that such a foreclosure may be initiated at any time." (*Id*. ¶ 4.) Plaintiff includes "Injunctive and Equitable Relief" in paragraph 1 of her Complaint, (*id*. ¶ 1), but no request for injunctive relief appears in the Prayer for Relief, (*id*. at Prayer).

### III. LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.,* 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court can assert subject matter

jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

**III. DISCUSSION**

At issue here is the amount in controversy. Diversity of citizenship exists, as Plaintiff is domiciled in California and PHH is a citizen of New Jersey. The dispute is whether the amount in controversy exceeds $75,000. PHH alleges that the amount in controversy is the original principal of the loan, $550,000, "as the Complaint concerns the sale" of Plaintiff's property. (Notice of Removal ¶ 12.) On the other hand, despite the passing reference to injunctive relief and the phrase "Plaintiff needs the Court ruling that such a foreclosure will not occur," the Complaint clearly indicates the amount in controversy is $55,000. Moreover, Plaintiff's claims center on PHH's handling of her requested loan modification, not on PHH's foreclosure on her property (which there is no evidence to indicate foreclosure has commenced) or on the prospective sale of her property.

"Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification.*" *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original) (holding the amount in controversy was not the amount of the loan at issue where the plaintiff sought "'a true and significant loan modification,' damages for Defendants' alleged violations of state law, an injunction enjoining Defendants from conducting any further foreclosure action, attorneys' fees, and costs."); *see also Jauregui*

*v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP (KKx), 2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) (remanding an action where a plaintiff did not "challenge entirely [the bank's] right to collect on the outstanding loan amount," but only sought to temporarily enjoin foreclosure); *Cheng v. Wells Fargo Bank, N.A.,* No. SACV10–1764–JLS (FFMx), 2010 WL 4923045, at *2 (C.D. Cal. Dec.2, 2010) ("[T]he primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages.") Plaintiff seeks relief in light of PHH's alleged actions while considering Plaintiff's pending loan modification review. At most, Plaintiff requests a delay in the foreclosure proceedings on her property.[2]

The value of the property securing a loan is not the appropriate measure of the amount in controversy in this case. The Complaint clearly seeks monetary damages in the amount of $55,000. The Complaint does not seek to rescind the loan or challenge PHH's right to collect the outstanding loan amount. (*See generally* Compl.) If the Complaint is construed to seek injunctive relief, Plaintiff alleges that the Notice of Default was improper in light of her pending loan modification application. (*Id*. ¶ 17.) Therefore, the amount in controversy is not determined by the entire loan amount, the unpaid balance on the loan, or the value of the property, because the underlying loan is not at issue. The amount in controversy is Plaintiff's claim for $55,000 in damages, which does not meet the requirements for diversity jurisdiction.

PHH's cited case law is inapposite to the facts of this case. (Notice of Removal ¶ 13.) The cited cases involved actions where "the primary purpose of a lawsuit is to

---

[2] Moreover, if the Court construes paragraph 3 to be a request for injunctive relief is it unclear whether Plaintiff seeks temporary or permanent injunctive relief. *See Duarte v. Wells Fargo Mortg.*, CV 16-0991-GHK (JPRx), 2016 U.S. Dist. LEXIS 54341, at *10–11 (C.D. Cal. Apr. 21, 2016) (holding that "neither the value of the [p]roperty nor the underlying loan should factor into the amount-in-controversy calculation" when plaintiff did not seek to permanently enjoin foreclosure).

enjoin a bank from selling or transferring property" and thus "the property is the object of the litigation. *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667JCS, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010) (collecting cases). Such cases concern where the plaintiff seeks "injunctive relief to prevent or undo the lender's sale of the property." *Id*. at *5. None of Plaintiff's allegations can be construed as requesting injunctive relief to prevent or undo PHH's sale of the property, and PHH points to none.

## III. CONCLUSION

Because the removal was improper, the Court *sua sponte* REMANDS the action. Defendant's motion to dismiss currently pending before the Court is DENIED AS MOOT.[3]

DATED: October 27, 2017

                              CORMAC J. CARNEY
                              UNITED STATES DISTRICT JUDGE

---

[3] The hearing on PHH's motion to dismiss set for November 6, 2017, at 1:30 p.m. is hereby vacated and off calendar.